```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

W. T. HUNT,                          :

    Plaintiff,                    :

vs.                                  :   CIVIL ACTION 04-0712-CG-B

MARC SONNIER, et al.,                :

    Defendants.                   :

## REPORT AND RECOMMENDATION

This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court due to Plaintiff's failure to prosecute and failure to obey the Court's Order entered on February 23, 2005 (Doc. 5).

Plaintiff filed the instant § 1983 action on November 8, 2004 while incarcerated at the Mobile County Metro Jail (Doc. 1). Subsequent thereto, Plaintiff filed a Notice of Change of Address (Doc. 4), which reflects that he is no longer incarcerated. Because Plaintiff was a prisoner when he commenced this action, he is obligated to the pay the entire $150.00 filing fee in this action. <u>Gay v. Texas Dept. of Corrections State Jail Div</u>., 117 F.3d 240, 242 (5th Cir. 1997); 28 U.S.C. § 1915(b)(1);   28 U.S.C. § 1915(b)(1).   While

incarcerated, Plaintiff was granted leave to proceed *in forma pauperis* without paying a partial filing fee.  However, when Plaintiff notified the Court of a change in his address (Doc. 4), the Court, in an Order dated February 23, 2005, observed that Plaintiff's new address indicated that he was no longer incarcerated, and accordingly ordered Plaintiff to file, by March 25, 2005, a new motion to proceed without prepayment of fees so the Court could determine a payment schedule for paying the filing fee, or to pay the $150.00 filing fee. (Doc. 5). Plaintiff was warned that his failure to comply with the Court's Order within the prescribed time would result in the dismissal of this action for failure to prosecute and to obey the Court's Order.  Plaintiff's copy of the Court's February 23, 2005 Order has not been returned to the Court, nor has Plaintiff contacted the Court since the Order was entered.

Due to Plaintiff's failure to comply with the Court's Order, the undersigned concludes that Plaintiff has abandoned the prosecution of his action.  Upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to

2

restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  *Accord* Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

    The attached sheet contains important information regarding objections to the Report and Recommendation.

    **DONE** this the **8th** day of **June, 2005**.

                                      S/ Sonja F. Bivins
                                      UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. *Objection*. Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days_after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The_objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*.

4

Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        S/SONJA F. BIVINS
                                        UNITED STATES MAGISTRATE JUDGE